# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7158 | **DATE** | 2/22/2012 |
| **CASE TITLE** |  | Lang vs. NeoGenomics Labs., Inc. | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant's motion to transfer venue [docket no. 17].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Sharon Lang, a former employee of NeoGenomics Laboratories, Inc., has sued NeoGenonics for age discrimination and retaliation. Lang lives in the Chicago area; NeoGenomics is based in Florida. Lang worked for the company in a Chicago suburb as its territory business manager for several midwestern states. NeoGenomics terminated her employment in 2010.

NeoGenomics has moved to trasnfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under section 1404(a), the party seeking transfer bears the burden of showing that "the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

Courts generally give significant weight to the plaintiff's choice of forum, especially when, as in this case, the plaintiff has chosen her home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D.Ill. 1995). (The Court respectfully disagrees with NeoGenomics' contention that Lang's choice of her home forum is entitled to little weight because the relevant events took place elsewhere, a topic the Court addresses more fully below.) "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'' Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

NeoGenomics relies primarily on four factors in seeking transfer. First, it says that several NeoGenomics executives who are significant witnesses all work and live in Florida. This factor, however, is not entitled to significant weight. "More weight is afforded non-party witnesses than witnesses within the control of the parties, as it is presumed that party witnesses will appear voluntarily." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006). The Court acknowledges that requiring several of

**STATEMENT**

defendant's executives to travel to Chicago for trial – if the case ends up being tried – will impose a burden on defendant, but this factor, without more, is insufficient to make the balance of convenience tip "strongly" in NeoGenomics' favor. (NeoGenomics also relies on the proposition that documents are located in Florida, but in this day and age the location of documents is not a significant factor from a convenience standpoint.)

Second, NeoGenomics says that the relevant events took place in Florida. The Court is unpersuaded. In the overwhelming majority of employment discrimination cases, the plaintiff's work history and performance is a significant factor, and plaintiff worked and was based on the Chicago area. The Court also notes that NeoGenomics has asserted as an affirmative defense that plaintiff "has failed to diligently seek other employment or otherwise mitigate her damages," *see* Answer at 7, and it is likely that any evidence relating to that issue would be located in this district.

Third, NeoGenomics points to the fact that Lang's employment agreement included a term stating that any disputed matters involving the agreement would be litigated only in a court sitting in Lee County, Florida. NeoGenomics does not contend, however, that this case involves disputed matters involving the employment agreement. The fact that Lang may have signed an agreement that – likely at defendant's insistence – included a venue selection provision for certain types of disputes does not factor into whether that same forum should be considered "clearly more convenient" for other types of disputes not covered by that provision.

Fourth, NeoGenomics argues that the case is likely to proceed to disposition or trial quicker in its preferred district than here. In support, it cites statistics regarding the median time from filing to disposition and from filing to trial for all civil cases in the respective districts. General statistics of this sort are, in this Court's view, relatively meaningless in the section 1404(a) analysis. They consist of averages for cases of all types and tell the reader nothing about cases of the particular type at issue. In addition, the Court is prepared to advance the case to trial in less than eighteen months from its filing, in other words consistent with the median time to trial in the Southern District of Florida. This factor does not tilt the balance one way or the other.

The Court acknowledges that litigating the case in the Southern District of Florida would be more convenient for NeoGenomics. But "venue may not be transferred simply to shift inconvenience from the defendant to the plaintiff." *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill.1995) (internal citation omitted). NeoGenomics' motion does not come close to establishing that the proposed transferee forum is "clearly more convenient." For that reason, the Court denies the motion to transfer.